WILLIAM M. BEAN *vs.* GEORGE A. BACHELDER.

Penobscot.    Opinion March 22, 1886.

*Deed. Plan. Survey.*

When a plan has been made to delineate an actual survey upon the surface of the earth, and a deed describes the lot by its number "according to the plan," the actual survey rather than the plan fixes the location and boundaries of the lot.

ON EXCEPTIONS.

Trespass *quare clausum*. The plaintiff was the owner of lot number four and the defendant was the owner of lot number five, range three in Greenfield. The question in controversy involved the location of the line between those two lots. The

verdict was in favor of the plaintiff and the defendant alleged exceptions to the ruling stated in the opinion.

*Davis and Bailey*, for the plaintiff, cited: *Williams* v. *Spaulding*, 29 Maine, 112; *Heaton* v. *Hodges*, 14 Maine, 66; *Thomas* v. *Patten*, 13 Maine, 329; *Esmond* v. *Tarbox*, 7 Maine, 61; *Pike* v. *Dyke*, 2 Maine, 213.

*A. W. Paine*, for the defendant.

The case involves the construction of these words in the defendant's deed: "Lot No. 5 in the 3rd range in Greenfield according to Herrick's plan." That was the only description.

In removing any and all doubt as to the true meaning of the description, our first recourse is to the rule, which all the authorities confirm, that the meaning must be derived or established by the language of the deed itself. No extraneous aid can be called in except in the single case of latent ambiguity. Here there is none such and the rule must have its legitimate course. This rule itself settles all doubt and all question.

A second rule applicable to this case is so well established as to admit of no doubt, that where a plan is mentioned to establish or help define the premises conveyed, it becomes a part of the deed.

The plan not only makes a part of the deed but a controlling part and is as if incorporated into it, a part of its very corpus, not only establishing lines, but conditions, restrictions and appurtenant rights not even alluded to in the deed. Such cases as *Bartlett* v. *Bangor*, 67 Maine, 460; *Farnsworth* v. *Taylor*, 9 Gray, 162; *Boston W. P.* v. *Boston*, 127 Mass. 374, are very impressive illustrations of our position.

Counsel further cited: *Lincoln* v. *Wilder*, 29 Maine, 169; *Davis* v. *Rainsford*, 17 Mass. 207; *Allen* v. *Allen*, 14 Maine, 387; *Walker* v. *Boynton*, 120 Mass. 349; *Baxter* v. *Arnold*, 114 Mass. 577; *Magoun* v. *Lapham*, 21 Pick. 135; *Erskine* v. *Moulton*, 66 Maine, 276; *Stewart* v. *Davis*, 63 Maine, 539; *Wellington* v. *Murdough*, 41 Maine, 281; *Loring* v. *Norton*, 8 Maine, 61; *Eaton* v. *Knapp*, 29 Maine, 120; *Props. Ken. Pur.* v. *Tiffany*, 1 Maine, 219; *Chesley* v. *Holmes*, 40 Maine,

546; *Murdock* v. *Chapman*, 9 Gray, 158; *Morgan* v. *Moore*, 3 Gray, 321; see also: *Ames* v. *Hilton*, 70 Maine, 36; *Knowles* v. *Toothaker*, 58 Maine, 172; *Brown* v. *Gay*, 3 Maine, 126.

The following cases are not in conflict; it is a different thing to have a plan simply "referred to"; here the conveyance was "according to the plan"; *Pike* v. *Dyke*, 2 Maine, 213; *Ripley* v. *Berry*, 5 Maine, 24; *Esmond* v. *Tarbox*, 7 Maine, 61; *Heaton* v. *Hodges*, 14 Maine, 66; *Thomas* v. *Patten*, 13 Maine, 329; *Williams* v. *Spaulding*, 29 Maine, 112.

In other states and courts the principle now contended for is uniformly recognized. *Dodd* v. *Burchell*, 1 Hurlstone & C. 113; *R. R. Co.* v. *Skinner*, 9 Mo. 189; 49 Mo. 100; *Twogood* v. *Hoyt*, 42 Mich. 609; *Augustine* v. *Brett*, 15 Hun. 395; *Powers* v. *Jackson*, 50 Cal. 429; *Doe* v. *R. R. Co.* 67 N. C. 413; *Roberts* v. *Robertson*, 53 Vt. 690; *Noonan* v. *Lee*, 2 Black, 499; *M'Iver* v. *Walker*, 4 Wheat. 444.

EMERY, J. The defendant claimed under the earlier deed, which contained the description "Lot No. 5, in the 3d range in Greenfield, according to Herrick's plan." Herrick had surveyed the south half of the town into lots and ranges, the north half having been previously surveyed into lots and ranges by another surveyor. Herrick then made a plan of the surveyings of the whole town, which plan was in the case. The defendant's lot was in the south half that had been surveyed by Herrick.

The jury were instructed in effect, the lines run by Herrick upon the surface of the earth, as and for the boundaries of lot five would still be the boundaries of that lot, if their locality could be found, that the question for them to decide was, the locality upon the surface of the earth of the lines actually run by Herrick in making the survey of that lot.

The instruction was correct. *Esmond* v. *Tarbox*, 7 Maine, 61, is express authority for it. See also *Pike* v. *Dyke*, 2 Maine, 213; *Williams* v. *Spaulding*, 29 Maine, 112. The plan was merely a picture. The survey was the substance. The plan was not made to show where the lots were to be hereafter located, or how they were to be hereafter bounded. It was

made as evidence of where they had before been located and bounded. The lot actually surveyed, bounded by the lines actually run, was the lot intended to be conveyed. The plan was named in the deed, rather as a picture indicating the location and lines of the lot. Still the actual boundaries, rather than the pictured boundaries were to be sought for. The picture might not be wholly accurate.

The defendant's counsel urges that the words of the deeds in the cases cited, are merely of "reference to the plan," which he claims, simply indicate the relative location of the lot without attempting to define the boundaries. He claims that the language of his deed being "according to the plan," does undertake to define the boundaries and to limit them to the plan. In *Esmond* v. *Tarbox, supra,* it does not appear that the language was of reference merely. Such language however, has full as much force. There is no difference in the effect. *Lincoln* v. *Wilder,* 29 Maine, 179 ; *Erskine* v. *Moulton,* 66 Maine, 276.

*Exceptions overruled.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.